UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE KELLY CLARKE,<br><br>            Petitioner,<br><br>      v.<br><br>UNKNOWN,<br><br>            Respondent. | No.  2:23-cv-3004 KJN P<br><br><br>ORDER |

Petitioner, a county jail inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

1

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

In his 363 page mostly handwritten filing, petitioner fails to set forth the conviction he challenges or the grounds for relief sought. Indeed, petitioner's filing is largely unintelligible, referring to "treasonous imprisonment" and sedition. (ECF No. 1 at 1-3.) Petitioner provided one document signed by Daniel Flynn, Judge of the Shasta County Superior Court, and filed in Shasta County No. 23LPSSQ-4064. (ECF No. 1 at 354.) Judge Flynn noted that petitioner has a "habit" of "prolifically" filing various "pleadings" which contain "consistent themes that criminal system, in consort or conspiracy with other persons and entities, are committing treason," and after petitioner's commitment pursuant to California Penal Code Section 1369/1370, the doctors at the Department of State Hospitals determined petitioner was "unrestorable to competence," and the criminal charges against him were dismissed. (ECF No. 1 at 354.) Thus, it is unclear whether petitioner is currently facing criminal charges or whether he is a civil detainee based on such incompetence. Petitioner is cautioned that applications for writs of habeas corpus are used to challenge the fact or duration of a particular criminal conviction and sentence.

In any event, the instant petition fails to comply with Rule 2(c) or Rule 4 of the Rules Governing Section 2254 Cases. No respondent could reasonably comprehend or respond to this petition. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

Finally, based on the unnecessary length of petitioner's filing, the length of his amended pleading is limited. Petitioner is not required to append exhibits to his amended petition. Thus, petitioner is granted leave to file an amended petition that does not exceed 25 pages.

Petitioner is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

////

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated:  January 3, 2024

/clar3004.114

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.